1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEPHEN G. WOLFE (Cal. Bar No.: 116400)
4  Assistant United States Attorney
        1500] United States Courthouse
5       312 North Spring Street
        Los Angeles, California 90012
6       Telephone: (213) 894-7408
        Facsimile: (213) 894-3713
7       E-mail: [Steve.Wolfe@usdoj.gov]
   Attorneys for Plaintiff
8  UNITED STATES OF AMERICA

9

10                    UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13 UNITED STATES OF AMERICA,      ) CR No. 11-72(A)-DDP
                                  )
14                   Plaintiff,   ) PLEA AGREEMENT FOR DEFENDANT
                                  ) EMIL AIRAPETIAN (#7)
15              v.                )
                                  )
16 MHER DARBINYAN et al.,         )
                                  )
17              Defendants.       )
                                  )
18 _____ )

19

20      1.  This constitutes the plea agreement between EMIL

21 AIRAPETIAN ("defendant") and the United States Attorney's Office

22 for the Central District of California ("the USAO") in the above-

23 captioned case.  This agreement is limited to the USAO and cannot

24 bind any other federal, state, local, or foreign prosecuting,

25 enforcement, administrative, or regulatory authorities.

26 //

27 //

   *Binding Plea Agreement.20111227*

28

RULE 11(c)(1)(C) AGREEMENT

2.   Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 19 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement.  Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 22 and 23 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3.   Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the First Superseding Indictment in United States v. Darbinyan et al., CR No. 11-72(A)-DDP, which charges defendant with racketeering conspiracy, in violation of 18 U.S.C. § 1962(d).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 14 of this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

4. Defendant further agrees:

a)  That the following property (the "Forfeitable Property") seized by law enforcement officers on or about February 16, 2011 from a residence in Sherman Oaks, California shall be forfeited to the United States of America:

(i)  One 2009 Mercedes Benz SL 500, Vehicle Identification Number WDBSK71F29F149579; and

(ii) Approximately sixteen (16) miscellaneous items of clothing including, without limitation, handbags, belts, wallets, duffel bags, and tote bags;

1      b)   That the Forfeitable Property described in

2 paragraph 4(a) above shall, at the sole election of the United

3 States of America, be criminally forfeited or civilly forfeited,

4 administratively or judicially, pursuant to 18 U.S.C. §§ 981 or

5 1963; and that the Forfeitable Property constitutes or is derived

6 from proceeds traceable to violations of 18 U.S.C. §§ 981 and

7 1962, or constitutes property which was acquired or maintained in

8 violation of 18 U.S.C. § 1962;

9      c)   That defendant is hereby withdrawing the claim

10 defendant submitted to the Federal Bureau of Investigation in the

11 administrative forfeiture proceedings commenced by that agency

12 with respect to the Forfeitable Property. Defendant further

13 waives defendant's right to any further notice relative to the

14 administrative forfeiture proceedings and understands,

15 acknowledges and agrees that the Forfeitable Property shall be

16 administratively forfeited to the United States of America

17 without any further notice;

18      d)   Not to contest the forfeiture (by filing a claim,

19 statement of interest, petition for an ancillary proceeding,

20 petition for remission or otherwise) of the Forfeitable Property

21 in any administrative or judicial proceeding, nor to assist any

22 other person or entity in falsely contesting the forfeiture of

23 the Forfeitable Property in any administrative or judicial

24 proceeding;

25      e)   To take whatever steps are necessary to pass to

26 the United States of America clear title to the Forfeitable

27 Property, including, without limitation, the execution of a

28 consent decree of forfeiture, and the completion of any other

1   legal documents required for the transfer of title to the

2   Forfeitable Property to the United States of America;

3            f)   To the Court's entry of an order of forfeiture at

4   or before sentencing with respect to the Forfeitable Property and

5   to the forfeiture of the Forfeitable Property.  Defendant

6   knowingly and voluntarily waives (1) the requirements of Federal

7   Rules of Criminal Procedure 32.2 and 43(a) regarding notice of

8   the forfeiture in the charging instrument, announcement of the

9   forfeiture at sentencing and incorporation of the forfeiture in

10  the judgment; (2) all constitutional and statutory challenges in

11  any manner (including by direct appeal, habeas corpus, or any

12  other means) to any forfeiture carried out in accordance with

13  this agreement on any grounds; and (3) all constitutional, legal,

14  and equitable defenses to the forfeiture of the Forfeitable

15  Property in any proceeding on any grounds including, without

16  limitation, that the forfeiture constitutes an excessive fine or

17  punishment.  Defendant also acknowledges that defendant

18  understands that the forfeiture of the Forfeitable Property is

19  part of the sentence that may be imposed in this case and waives

20  any failure by the Court to advise defendant of this, pursuant to

21  Rule 11(b)(1)(J), at the time defendant's guilty plea is

22  accepted; and

23           g)   That forfeiture of the Forfeitable Property shall

24  not be counted toward satisfaction of any special assessment,

25  fine, restitution, or any other penalty the Court may impose, nor

26  shall it be counted toward satisfaction of any taxes, penalties,

27  or interest owed to the Internal Revenue Service.

28

1                     THE USAO'S OBLIGATIONS

2     5.   The USAO agrees to:

3        a) Not contest facts agreed to in this agreement.

4        b) Abide by all agreements regarding sentencing

5 contained in this agreement and affirmatively recommend to the

6 court that it impose sentence in accordance with paragraph 14 of

7 this agreement.

8        c) At the time of sentencing, move to dismiss the

9 remaining counts of the First Superseding Indictment and the

10 underlying indictment as against defendant.   Defendant agrees,

11 however, that at the time of sentencing the Court may consider

12 any dismissed charges in determining the applicable Sentencing

13 Guidelines range, the propriety and extent of any departure from

14 that range, and the sentence to be imposed.

15                   NATURE OF THE OFFENSE

16     6.   Defendant understands that for defendant to be guilty of

17 the crime charged in count One, that is, racketeering conspiracy,

18 in violation of Title 18, United States Code, Section 1962(d),

19 the following must be true:

20        (1) There was an enterprise, as described in Count One,

21 consisting of a group of persons associated together for a common

22 purpose of engaging in a course of conduct;

23        (2) The enterprise engaged in, or its activities in

24 some way affected, commerce between one state and another state,

25 or between a state or the United States and a foreign country;

26        (3) Defendant was associated with the enterprise;

27        (4) Defendant knowingly and intentionally entered into

28 an agreement that a coconspirator would conduct, or participate

1  in the conduct of, the affairs of the enterprise through a

2  pattern of racketeering activity; and

3         (5) Defendant agreed that a conspirator would commit at

4  least two acts of racketeering in the conduct of the affairs of

5  the enterprise, in violation of Title 18, United States Code,

6  Section 1962(c).

7       An "enterprise" includes any individual, partnership,

8  corporation, association, or other legal entity, and any union or

9  group of individuals associated in fact although not a legal

10  entity.  "Racketeering activity" can include, among other things,

11  any act or threat involving murder, attempted murder, kidnapping,

12  robbery, extortion, conspiracy to traffic in controlled

13  substances, bank fraud, access device fraud, identity theft, and

14  illegal gambling.  A "pattern of racketeering activity" is at

15  least two racketeering acts within ten years of each other that

16  have a relationship to each other plus a threat of continuity.

17  Conduct forms a pattern if it consists of criminal acts that have

18  the same or similar purposes, results, participants, victims, or

19  methods of commission, or otherwise are interrelated by

20  distinguishing characteristics and are not isolated.

21                              PENALTIES

22       7.  Defendant understands that the statutory maximum

23  sentence that the Court can impose for a violation of Title 18,

24  United States Code, Section 1962(d), is: 20 years imprisonment; a

25  three-year period of supervised release; a fine of $250,000 or

26  twice the gross gain or gross loss resulting from the offense,

27  whichever is greatest; and a mandatory special assessment of

28  $100.

8. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of

citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

11.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At trial, the government would be prepared to prove the following facts:

Beginning on a date unknown, and continuing to in or around February 16, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant was a member, or a former member who remained an associate, of the Armenian Power criminal enterprise ("Armenian Power").  As a member or associate of Armenian Power, defendant conspired and agreed with co-defendants, and others, to conduct and participate in the affairs of Armenian Power through a pattern of racketeering activity, and that one or more conspirators would engage in two or more acts of racketeering activity, including extortion, bank fraud, and other racketeering crimes, which acts in fact took place.

1    Defendant agrees and stipulates that Armenian Power was an

2  enterprise, and that Armenian Power engaged in a pattern of

3  racketeering activity, as defined in 18 U.S.C. § 1961, et seq.,

4  including multiple acts of extortion, bank fraud, and other

5  racketeering crimes.  Defendant further agrees and stipulates

6  that the activities of Armenian Power affected interstate and

7  foreign commerce.

8    For the purpose, at least in part, of associating with

9  Armenian Power, and participating in the affairs of Armenian

10  Power, and agreeing that a conspirator would commit at least two

11  acts of racketeering in the conduct of the affairs of Armenian

12  Power, defendant and other co-conspirators committed the

13  following acts:

14    On or about October 16, 2009, in response to threats of

15  violence and physical harm from defendant, three co-defendants,

16  and others, victim M.M. wired approximately $1,000 using

17  Moneygram.

18    On or about October 20, 2009, in response to threats of

19  violence and physical harm from defendant, three co-defendants,

20  and others, victim M.M. wired approximately $1,500 using

21  Moneygram.

22    On or about October 29, 2009, defendant, in a telephone

23  conversation using coded language, demanded money from victim

24  M.M. and threatened victim M.M. with violence if victim M.M. did

25  not pay the money.

26    On or about October 29, 2009, defendant, in a telephone

27  conversation using coded language, arranged a meeting with victim

28  M.M. for the purpose of obtaining money from victim M.M., and,

later that day, obtained approximately $1,900 from victim M.M. under threat of physical harm.

On or about October 29, 2009, defendant, in a telephone conversation using coded language, demanded $10,000 from victim M.M. and threatened to disfigure victim M.M. if he did not pay.

On or about October 30, 2009, in response to threats of violence and physical harm from defendant, three co-defendants, and others, victim M.M. wired over $1,500 using Western Union.

On or about November 21, 2009, a co-defendant, using coded language on the telephone, threatened to kill victim M.M.'s family if victim M.M. did not pay money to the co-defendant.

//

<u>SENTENCING FACTORS AND AGREED-UPON SENTENCE</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only.

13.  Defendant and the USAO agree to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 18 | [U.S.S.G. § 2B3.2(a)] |
| Specific Offense Characteristics | | | |
| Threat | : | +2 | [U.S.S.G. § 2B3.2(b)(1)] |
| Amount demanded (more than $50,000) | : | +2 | [U.S.S.G. §§ 2B3.2(b)(2), 2B3.1(b)(7)(C)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1(a)&(b)] |

```
Total Offense Level :     19

Criminal History
Category             :     IV
```

```
Guideline Range      :     46 - 57 months imprisonment
                           $6000 - $ 60,000 fine
```

The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

14.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the court impose a sentence of: 46 months imprisonment; three years supervised release with conditions to be fixed by the Court ; a fine, or a waiver of any fine, to be determined by the Court; and a $100 special assessment.  The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline 5G1.3.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to be represented by counsel – and if necessary have the court appoint counsel – at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

16.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

17.  Defendant agrees that, provided the Court imposes the sentence specified in paragraph 14 above, defendant gives up the right to appeal any portion of that sentence.

18.  The USAO agrees that, provided the Court imposes the sentence specified in paragraph 14 above, the USAO gives up its

right to appeal any portion of that sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an
Assistant United States Attorney, knowingly violates or fails to
perform any of defendant's obligations under this agreement ("a
breach"), the USAO may declare this agreement breached.  All of
defendant's obligations are material, a single breach of this
agreement is sufficient for the USAO to declare a breach, and
defendant shall not be deemed to have cured a breach without the
express agreement of the USAO in writing.  If the USAO declares
this agreement breached, and the Court finds such a breach to
have occurred, then: (a) if defendant has previously entered a
guilty plea pursuant to this agreement, defendant will not be
able to withdraw the guilty plea, (b) the USAO will be relieved
of all its obligations under this agreement, and (c) the Court's
failure to follow any recommendation or request regarding
sentence set forth in this agreement will not provide a basis for
defendant to withdraw defendant's guilty plea.

    23.  Following the Court's finding of a knowing breach of
this agreement by defendant, should the USAO choose to pursue any
charge that was either dismissed or not filed as a result of this
agreement, then:

        a) Defendant agrees that any applicable statute of
limitations is tolled between the date of defendant's signing of
this agreement and the filing commencing any such action.

        b) Defendant waives and gives up all defenses based on
the statute of limitations, any claim of pre-indictment delay, or
any speedy trial claim with respect to any such action, except to
the extent that such defenses existed as of the date of
defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

24.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

25.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to

maintain its view that the calculations and sentence referenced in paragraphs 13 and 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

<u>NO ADDITIONAL AGREEMENTS</u>

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

27.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing

//
//
//
//
//
//
//
//
//

17

1    as if the entire agreement had been read into the record of the

2    proceeding.

3    AGREED AND ACCEPTED

4    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

5    ANDRÉ BIROTTE JR.
6    United States Attorney

7

8    _____          _____
     STEPHEN G. WOLFE                            Date
9    Assistant United States Attorney

10

11

12   _____          _____
     EMIL AIRAPETIAN                             Date
13   Defendant

14

15

16   _____          _____
     JOHN D. ROBERTSON                           Date
17   Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____         _____

EMIL AIRAPETIAN                          Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am EMIL AIRAPETIAN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _____
JOHN D. ROBERTSON                         Date
Attorney for Defendant

1    as if the entire agreement had been read into the record of the

2    proceeding.

3    AGREED AND ACCEPTED

4    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

5    ANDRÉ BIROTTE JR.
6    United States Attorney

7

8    _____          Date _____
     STEPHEN G. WOLFE
9    Assistant United States Attorney

10                                         3 - 27 - 12
11
     _Emil  Airapetian_                    ~~_____~~
12   EMIL AIRAPETIAN                       Date  EA
13   Defendant

14

15
     _John D. Robertson_                   4 - 4 - 12
16   JOHN D. ROBERTSON                     Date
17   Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

                              18

## CERTIFICATION OF DEFENDANT

1.     I have read this agreement in its entirety. I have had
2. enough time to review and consider this agreement, and I have
3. carefully and thoroughly discussed every part of it with my
4. attorney. I understand the terms of this agreement, and I
5. voluntarily agree to those terms. I have discussed the evidence
6. with my attorney, and my attorney has advised me of my rights, of
7. possible pretrial motions that might be filed, of possible
8. defenses that might be asserted either prior to or at trial, of
9. the sentencing factors set forth in 18 U.S.C. § 3553(a), of
10. relevant Sentencing Guidelines provisions, and of the
11. consequences of entering into this agreement. No promises,
12. inducements, or representations of any kind have been made to me
13. other than those contained in this agreement. No one has
14. threatened or forced me in any way to enter into this agreement.
15. I am satisfied with the representation of my attorney in this
16. matter, and I am pleading guilty because I am guilty of the
17. charges and wish to take advantage of the promises set forth in
18. this agreement, and not for any other reason.

*Emil Airapetian*           3-27-12

EMIL AIRAPETIAN           Date
Defendant

19

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am EMIL AIRAPETIAN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          4-4-12
JOHN D. ROBERTSON                       Date
Attorney for Defendant

20

1  as if the entire agreement had been read into the record of the

2  proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

5  ANDRÉ BIROTTE JR.

6  United States Attorney

7

8  _____     _____
   STEPHEN G. WOLFE                      Date   April 4, 2012

9  Assistant United States Attorney

10

11

12  _____     _____
    EMIL AIRAPETIAN                      Date

13  Defendant

14

15

16  _____     _____
    JOHN D. ROBERTSON                    Date

17  Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

                              18